NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT J. CIPRIANI,

        Plaintiff - Appellant,

  v.

RESORTS WORLD LAS VEGAS, LLC;
RESORTS WORLD LAS VEGAS
HOTELS, LLC; SCOTT SIBELLA,

        Defendants - Appellees.

No. 24-7106

D.C. No.
2:23-cv-01626-MMD-MDC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted October 6, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

    Plaintiff-Appellant Robert Cipriani brought claims against Resorts World

Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC (collectively, "Resorts

World") and Scott Sibella, former Resorts World president, for encouraging or

allowing another casino guest, Robert Alexander, to harass him. Cipriani alleged

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

negligence, innkeeper liability, negligent supervision, intentional infliction of emotional distress ("IIED"), civil conspiracy, and concert of action against both Resorts World and Sibella. The district court applied the doctrine of judicial estoppel to dismiss his negligence, innkeeper liability, and negligent supervision claims against Resorts World. The district court dismissed Cipriani's remaining claims on other grounds.

We review the order granting summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012). We review the application of judicial estoppel for abuse of discretion. *Id.* We have jurisdiction under 28 U.S.C. § 1291. We reverse the dismissal of the negligence, innkeeper liability, and negligent supervision claims against Resorts World and affirm the dismissal of Cipriani's other claims.

1. We conclude that the district court abused its discretion in applying judicial estoppel to Cipriani's negligence, innkeeper liability, and negligent supervision claims against Resorts World. The court rested its determination on a supposed inconsistency between Cipriani's assertion in a state court action that Resorts World ejected Alexander presumably to ensure Cipriani's safety, and his allegation in this federal action that Resorts World disregarded his safety by encouraging or allowing Alexander to harass him. Cipriani's allegation that

2                                                          24-7106

Resorts World allowed or encouraged Alexander to harass him for several weeks before ejecting him is not "clearly inconsistent" with his earlier assertion that Alexander was eventually ejected from the casino—both can be true. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (Judicial estoppel applies where a party makes an assertion "clearly inconsistent" with its earlier position).

Furthermore, Resorts World has not shown that Cipriani succeeded in persuading the state court to accept his earlier position or that he would gain an unfair advantage if not estopped. *Id.* at 750–51. In state court, Alexander himself asserted that he had been ejected by Resorts World before Cipriani acknowledged that fact in his counterclaim. We reverse the district court's application of judicial estoppel and remand for further analysis of Cipriani's negligence, innkeeper liability, and negligent supervision claims against Resorts World.

2. We affirm the district court's dismissal of Cipriani's innkeeper liability claim against Sibella. Cipriani has failed to show that Sibella is an "innkeeper" within the meaning of NRS § 651.015. The statute attaches liability to the "owner" or "keeper" of a hotel. NRS § 651.015. Cipriani cites no relevant Nevada precedent showing that Sibella qualifies as a "keeper" under the statute or that innkeeper liability extends to a salaried manager or employee of a casino. We also affirm the dismissal of Cipriani's negligence claim against Sibella. Cipriani has not demonstrated that Sibella was present at Resorts World when the harassment

occurred or that a special relationship existed to trigger an affirmative duty. *See*

*Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280–81 (Nev.

2009).[1]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[1] Because Cipriani raises no arguments on appeal challenging the district court's dismissal of his IIED, conspiracy, and concert of action claims against Resorts World or Sibella, or his negligent supervision claim against Sibella, we affirm dismissal of those claims.